IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
OCT 28 2010
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

| | |
|---|---|
| JACKIE KEATTS MCDANIEL, | CIVIL NO. 6:10cv00043 |
| *Plaintiff,* | |
| v. | |
| DARREN C. HINSON, D. HINSON TRUCKING, LLC, DARREN C. HINSON D/B/A D. HINSON TRUCKING, LLC, and TONY WAYNE CRIMINGER, | MEMORANDUM OPINION |
| *Defendants.* | JUDGE NORMAN K. MOON |

This matter is before the Court *sua sponte*. Upon review of the pleadings, this Court has determined that the Defendants' Notice of Removal [docket no. 1] fails to allege sufficient facts to establish this Court's subject matter jurisdiction under diversity of citizenship as prescribed by 28 U.S.C. § 1332. Therefore, in the accompanying Order, the Defendants will be ORDERED TO SHOW CAUSE why this action should not be dismissed for lack of subject matter jurisdiction.

The filing of an amended notice within 5 days of the Order properly establishing the jurisdictional requirements will be deemed responsive to the Order. Accordingly, pursuant to Rule 15(a)(2), the Court will grant Defendant LEAVE TO AMEND its notice to address any jurisdictional defects. An appropriate Order will follow.

I.

The Defendant alleges that this Court has jurisdiction based on the parties' diversity of citizenship under 28 U.S.C. § 1332. The Notice of Removal alleges that Defendant D. Hinson

Trucking is a limited liability company ("LLC") organized under the laws of South Carolina and both Defendants Darren C. Hinson and Tony Criminger are South Carolina residents. As to the Plaintiff, the Notice of Removal alleges that Ms. McDaniel is a citizen of the Commonwealth of Virginia. The Notice further alleges that the amount in controversy exceeds $75,000. These allegations are insufficient to show subject matter jurisdiction.

It is well established that "[f]ederal courts are courts of limited jurisdiction and are empowered to act only in those specific instances authorized by Congress. The burden is on the party asserting the jurisdiction of the court to show that jurisdiction does, in fact, exist." *Goldsmith v. Mayor & City Council of Baltimore*, 845 F.2d 61, 63-64 (4th Cir.1988) (internal quotation marks omitted). Consequently, a federal court must dismiss a case whenever it appears that it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Goldsmith*, 845 F.2d at 64.

Federal district courts have original jurisdiction over civil cases "between citizens of different States," where the amount in controversy is greater than $75,000. 28 U.S.C. § 1332. A corporation is considered a citizen of both the state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). On the other hand, an LLC has citizenship in every state in which each member of the LLC has citizenship. *General Tech.App., Inc. v. Exro Ltda*, 388 F.3d 114, 120, 121 (4th Cir.2004); *Carden v. Arkoma Assoc.*, 494 U.S. 185, 195-96 (1990) (stating the "oft-repeated rule" that, with the exception of a corporation, an artificial entity's citizenship for diversity purposes is the citizenship of "all its members.").

The Notice of Removal fails to properly allege the citizenship of the Defendant LLC because it fails to provide information as to the identity and citizenship of each member of the LLC. Therefore, the Defendant has not met its burden of showing that this Court has subject matter jurisdiction over the instant case.

## II.

After a party has amended its pleading once as a matter of right, it may only further amend "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be given "freely . . . when justice so requires." *Id.* This rule is intended to "give[] effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 434 F.3d 404, 426 (4th Cir. 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999)).

In light of the federal policy favoring resolution on the merits, and the interests of justice, this court will grant the Defendant LEAVE TO AMEND its Notice of Removal. As noted above, the filing of an amended notice that properly establishes the jurisdictional requirements within 5 days of the Order will be deemed responsive to the ORDER TO SHOW CAUSE.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record.

ENTERED: This 28th Day of October, 2010.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE